ALLAN C. EMERY, JR., & another *vs.*
JAMES F. CROWLEY, JR., trustee.

Norfolk.    September 16, 1976. — December 16, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Way,* Private: creation. *Deed,* Construction. *Easement. Words,* "Way," "Abutting."

Where a grantor conveyed lots with description in metes and bounds and in the deeds clearly delineated a parcel between the lots to be retained by the grantor but over which the grantee was to have a right of way, the retained parcel did not constitute a "way" within the meaning of G. L. c. 183, § 58. [492-493]

Property lying at the end of a way but with no frontage along the length of the way did not "abut" the way within the meaning of G. L. c. 183, § 58. [493-494]

Where a grantor, in conveying four parcels of land, gave the grantee an express right of way over other land with respect to one parcel, the other three parcels did not have implied easements since easements were not necessary for their enjoyment. [494-495]

An express easement was not extinguished by lack of necessity or obsolescence, nor did the failure of a deed to locate the easement precisely affect its existence. [495]

PETITION filed in the Land Court on January 15, 1970.

The case was heard by *Randall,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Raymond D. Jennings, Jr.,* for the defendant.

*Frank E. Rowbotham* for the plaintiffs.

*Frederic B. Dailey* for Massachusetts Conveyancers Association, amicus curiae, submitted a brief.

HENNESSEY, C.J.    Allan C. Emery, Jr., and Marian H. Emery filed a petition in the Land Court pursuant to G. L. c. 185, § 1, to register title to three parcels of land in North Weymouth. The defendant (Crowley) and another abutting landowner filed answers taking issue with three of the Emery claims with respect to two of the parcels. Crowley appeals from various findings and rulings of the Land Court judge. His appeal requires that we construe the provisions of G. L. c. 183, § 58, for the first time.

The controversy focuses primarily on property rights in parcel 2, which is a "paper street" running perpendicular to a public way, North Street.[1] At this time Crowley is the sole abutter to parcel 2 and claims that G. L. c. 183, § 58, operates so as to give him fee ownership of parcel 2. In addition, Crowley denies that the Emerys own, as appurtenant to parcel 1 (a 24.2 acre lot which they seek to register), a right of way to North Street over a certain parcel owned by Crowley. None of the parties contests the Land Court judge's decision concerning the Emerys' rights in a private way connected to Green Street.

All the Crowley and Emery property involved in this controversy was formerly owned by Allan C. Emery, Sr., and conveyed either by him or his widow (grantor). In

---

[1] For a clearer understanding of the property relationships involved in this case, see the sketch in Appendix A reproduced herewith. It should be noted that various parcels are designated as "exhibits" on the sketch, indicating that they had been conveyed by deeds marked with particular exhibit numbers. Exhibit 13, referred to in the text, is shown on the sketch as "13A" and "13B."

1947, by the deeds in exhibit 13, the grantor conveyed two parcels of land to one Bowmar, Crowley's predecessor in title. With this land he conveyed fee ownership in an area referred to as "a contemplated street marked on said plan Mount Vernon Road East," and he reserved the right to construct this street. Bowmar released all claims to any rights of way over other land of the grantor, including parcel 2, which connects the land in exhibit 13 to North Street, except that on construction of the street Bowmar would have a right of way over parcel 2. The land described in exhibit 13 and parcel 2 has a short common boundary where the two sections of the contemplated street connect.

Between 1949 and 1953, the grantor conveyed to one Tukis, also (like Bowmar) Crowley's predecessor in title, by three deeds (exhibits 15, 16 and 17) the land abutting parcel 2 on its north and south boundaries. Those deeds refer to parcel 2 as "other land of the grantor" (exhibit 17) and "land of Elsie C. Emery" (exhibits 15 and 16). The plans attached to these deeds have "Elsie C. Emery" marked on parcel 2. The grantor also conveyed to Tukis by deed (exhibit 12) other land with frontage on North Street, reserving the right to pass and repass over the property to and from North Street. The conveyance in exhibit 16 gives the grantee "the right to pass and repass over road . . . marked 'Elsie C. Emery' " (parcel 2).

In 1969, Crowley obtained the property conveyed to Bowmar by exhibit 13 and the property conveyed to Tukis by exhibits 12, 15, 16 and 17. Consequently, his property surrounds parcel 2 on three sides, its western boundary abutting North Street. When the Emerys, the grantor's successors, sought in 1970 to register their title to parcels 1 and 2, Crowley claimed both fee ownership of parcel 2 under G. L. c. 183, § 58, and granted and implied easements over parcel 2. Additionally, he objected that the right of way retained by the grantor in exhibit 12 was obsolete and unnecessary and unlocated by metes and bounds.

The Land Court judge ruled that the Emerys owned the

fee in parcel 2, that the fee is subject to a right of way
over parcel 2 appurtenant to the land conveyed by exhibit
16, that the fee is subject to a right of way appurtenant to
the land conveyed by exhibit 13 only on construction, if
ever, of the contemplated street, that the fee is not subject
to any rights of way appurtenant to the land conveyed by
exhibit 17, and that the fee is subject to a right of way
over the northwest corner but not over the bulk of parcel
2 appurtenant to part of the land conveyed by exhibit 15.
The judge further ruled that the Emerys have a right of
way appurtenant to parcel 1 over the land conveyed by
exhibit 12. While he ruled that Crowley is the sole abutter
of parcel 2, he ruled that parcel 2 has not been designated
a private way and is not a private way. The judge found
that the land conveyed by exhibit 13, the only instrument
referring to parcel 2 as a contemplated street, does not
abut parcel 2 within the meaning of G. L. c. 183, § 58, and
therefore § 58 has no effect on parcel 2 because no instru-
ment passed title to "real estate abutting a way." We
agree.

1. General Laws c. 183, § 58, as amended by St. 1973,
c. 185, § 1, sets out an authoritative rule of construction for
instruments passing title to real estate abutting a way.
However, the statute does not define expressly the terms
"abutting" and "way."[2] We therefore turn to established
judicial rules of definition to decide whether the statutory
rule of construction applies to any of the instruments by

---

[2] "Section 58. Every instrument passing title to real estate abutting
a way, whether public or private, watercourse, wall, fence, or other
monument, shall be construed to include any fee interest of the grantor
in such way, watercourse or monument, unless (*a*) the grantor retains
other real estate abutting such way, watercourse and monument, in
which case, (*i*) if the retained real estate is on the same side, the di-
vision line between the land granted and the land retained shall be
continued into such way, watercourse or monument as far as the grantor
owns, or (*ii*) if the retained real estate is on the other side of such way,
watercourse or monument between the division lines extended, the title
conveyed shall be to the center line of such way, watercourse or monu-
ment as far as the grantor owns, or (*b*) the instrument evidences a
different intent by an express exception or reservation and not alone
by bounding by a side line."

which Crowley obtained title to the property surrounding parcel 2. We bear in mind that rules of construction are designed to elucidate the intent of parties to written instruments, *Murphy* v. *Mart Realty of Brockton, Inc.*, 348 Mass. 675, 680 (1965), and thus look to the instruments themselves and extrinsic facts, if necessary, to decide if the deeds involved here pass title to real estate "abutting" a "way." See *Walter Kassuba Realty Corp.* v. *Akeson,* 359 Mass. 725, 727 (1971).

We conclude that parcel 2 did not constitute a "way" in the instruments passing title to the property abutting its north and south boundaries from grantor Emery to grantee Tukis. Both the metes and bounds descriptions of the lots conveyed and the plans incorporated in the deeds clearly delineate the property now known as parcel 2 as belonging to the grantor or his spouse. The parties obviously intended and understood that this land was retained by the grantor. Only one lot (exhibit 16) was conveyed with an express easement across all of parcel 2 and such an easement was necessary for access to and enjoyment of that lot. Another lot[3] received a curvilinear right of way over the northwest corner of parcel 2 inconsistent with a plan to pave and grade parcel 2 as a road. A prospective purchaser examining the deeds to the land abutting parcel 2 on its north and south boundaries would have no reason to think he would acquire any interest in parcel 2 beyond those express easements. Thus, § 58 does not apply to those instruments. For the same reasons the rule of easement by estoppel, that a grantor is estopped from denying the existence of a way when he conveys land bounded on a way, *Casella* v. *Sneierson,* 325 Mass. 85, 89 (1949), does not apply in this case. Contrast *Murphy* v. *Mart Realty of Brockton, Inc.*, 348 Mass. 675, 676 (1965). Since the grantor conveyed to Tukis no interest in parcel 2 beyond the express rights of way above described, Tukis could pass none to Crowley.

Although the instruments conveying land from Emery

---

[3] This is described as "15A" on the sketch in Appendix A.

to Bowmar (exhibit 13) referred to parcel 2 as a contemplated street in both their metes and bounds descriptions and their attached plan, the parcels conveyed do not "abut" parcel 2 within the meaning of G. L. c. 183, § 58. Consequently, the rule of *Murphy, supra* at 677-678, that a grantor is estopped from denying the existence of a way when he conveys land bounded on a contemplated way as long as the contemplated way is sufficiently defined, is inapplicable. Both *Murphy* and G. L. c. 183, § 58, deal with questions concerning fee ownership of ways which arise out of conveyances of property bounded on a way when the conveyance expresses no intent relative to the way. The statute establishes a comprehensive rule to cover these questions. By its terms it includes, in "abutting" real estate, land "on the same side" of the way in question, see G. L. c. 183, § 58 (*a*) (*i*), and land "on the other side of such way," see G. L. c. 183, § 58 (*a*) (*ii*). The statutory silence with regard to real estate at the end of the way signifies that such real estate does not "abut" the way in the traditional or statutory sense of the word. Indeed, logically the landowner at the end of a way cannot acquire any fee interest in the way without encroaching on the property rights, if any, of the abutting side owners. The term "abutting," in the context of fee ownership of ways after conveyance of property bounded on a way, thus refers to property with frontage along the length of a way. Crowley obtained no fee interest in parcel 2 by operation of G. L. c. 183, § 58, on the instrument in exhibit 13 because the property conveyed by the deeds in exhibit 13 does not abut parcel 2 within the meaning of that statute.[4]

2. Crowley maintains that even if he does not own the fee in parcel 2 by operation of G. L. c. 183, § 58, he has express and implied rights of way over the bulk of parcel 2 appurtenant to each of the two lots conveyed by exhibit

---

[4] Because the land conveyed in exhibit 13 does not "abut" parcel 2 for the purposes of the context described we need not decide whether a contemplated way is a "way" within the meaning of § 58, or whether § 58 abrogated the *Murphy* rule.

15, the lot conveyed by exhibit 16, and the lot conveyed by exhibit 17. While the Land Court judge found express rights of way appurtenant to the lot in exhibit 16 and to one lot in exhibit 15, he found no implied rights of way over the bulk of parcel 2 appurtenant to either lot in exhibit 15, or to the lot conveyed by exhibit 17. We agree. The aforesaid deeds conveyed no easements by implication in parcel 2 because none was necessary to the enjoyment of the lots conveyed and because, as explained above, none was conveyed by estoppel through a conveyance of land abutting a way. See 493, *supra.* Hence, the wording of the deeds contained in the foregoing exhibits amply supports the judge's findings and rulings.

3. Finally, Crowley appeals from the Land Court judge's ruling that the Emerys own, appurtenant to parcel 1, a right of way over the land conveyed to *Tukis* by the deed in exhibit 12 and thence to Crowley. He asserts that the right of way no longer exists because it is obsolete and unnecessary and because it is not located by metes and bounds in the original conveyance (exhibit 12). The deed in exhibit 12 expressly reserved this easement for the benefit of parcel 1. An express easement can be extinguished only by grant, release, abandonment, estoppel or prescription. *Delconte* v. *Salloum,* 336 Mass. 184, 188 (1957). Lack of necessity and obsolescence do not affect the existence of this easement. Nor did the failure to locate precisely the easement affect its existence, particularly when the strip of land burdened with the easement is clearly suited for such a right of way. *McKenney* v. *McKenney,* 216 Mass. 248, 251-252 (1913). Hence, Crowley has failed to show that this ruling is unsupported by the evidence.

*Decision affirmed.*