MAX STRIAR & others *vs.* LOUIS COOPER & another. February 2, 1978. The lower court allowed motions by both defendants to dismiss this action to reach an indebtedness of the defendant General Industries, Inc. (General), to the defendant Cooper on a promissory note for $300,-000 and to apply it to a larger alleged obligation of Cooper to the plaintiffs. The dismissal was apparently for the reason that there was pending in the same court and in the same county an earlier action against General brought by the same plaintiffs as assignees of the same note. The action to reach and apply was commenced after General, in the first action, by its answer and affidavit challenged the validity of the assignment. The plaintiffs have sought without success to be permitted to amend their complaint in the first action, which is still pending, to include both claims for recovery against General's obligation on the note. The effect of the dismissal of this action, coupled with the refusal to allow amendment in the first action, is to leave the plaintiffs in the position of being unable to recover on the note unless they can prove the validity of the assignment. We hold that the plaintiffs' claim to reach General's obligation to Cooper on the note and to apply it to Cooper's alleged indebtedness to the plaintiffs is a claim separate and distinct from their claim against General as assignees of the note. Accordingly, we hold that dismissal was not warranted un-

der Mass.R.Civ.P. 12(b) (9), 365 Mass. 755 (1974). The judgment is reversed. The plaintiffs are to be permitted, if they so move, to amend their complaint, either in this action or in the first action (Superior Court, Worcester County, Civil Action No. 4398), to embrace both claims and to dismiss the action thereby superseded.

                                                            *So ordered.*

*Robert M. Gault* for the plaintiffs.
*Charles J. O'Connor*, for the defendants, submitted a brief.