DANIEL E. BRENNAN & others *vs.* JAMES J. DECOSTA & another. August 28, 1987. *Way*, Private: extinguishment. *Easement. Adverse Possession and Prescription.*

Neighbors, no longer friendly, dispute the right to use a street shown on a plan recorded in 1897 but never laid out on the ground. The DeCostas, defendants, claim the right to close and use a portion of the paper street, Fern Avenue, in Middleton. A judge of the Land Court determined, adversely to the DeCostas, that abutters on Fern Avenue, notably the plaintiffs, have the right to use Fern Avenue as shown on the 1897 plan for all purposes for which streets or ways are used in Middleton.[1]

1. *Status of the way.* As a general rule, the title of persons who acquire land bounded by a street or way runs to the center line of the way, G. L. c. 183, § 58, and carries with it the right to use the way along its entire length. *Goldstein* v. *Beal,* 317 Mass. 750, 755 (1945). *Casella* v. *Sneierson,* 325 Mass. 85, 89 (1949). *Murphy* v. *Mart Realty of Brockton, Inc.,* 348 Mass. 675, 677-678 (1965). The rule is applicable even if the way is not physically in existence, so long as it is contemplated and sufficiently designated. *Ibid.*

To that general rule, however, there are limitations. If the way was not actually staked out or used, abutters such as the DeCostas are free to challenge the existence of the way. *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.,* 254 Mass. 350, 355 (1926). *Goldstein* v. *Beal,* 317 Mass. at 755-756. *Walter Kassuba Realty Corp.* v. *Akeson,* 359 Mass. 725, 727-728 (1971). *Shaw* v. *Solari,* 8 Mass. App. Ct. 151, 155 (1979).

Although the instant case resembles *Shaw* v. *Solari,* the decisive distinction is that the Land Court judge found, on contradictory evidence, that "Fern Avenue can be located on the ground in accordance with the plan on

---

[1] That right, the court also determined, was subject to the defendants' right to maintain, repair, and replace an existing septic system located beneath the surface of Fern Avenue.

which the parties' title claims are based"; that the predecessors in title to the Brennans had used Fern Avenue for access to their property; and that an abutter, one Kasenenko, had plowed Fern Avenue for the benefit of all neighbors. However marginally, the path and use of Fern Avenue could be followed. The judge's findings, while not compelled, are scarcely clearly erroneous. See Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), made applicable to these proceedings by Mass.R.Civ.P. 1, as amended, 385 Mass. 1214 (1982); *Shapiro* v. *Burton*, 23 Mass. App. Ct. 327, 330 (1987).

2. *Abandonment*. The judge found that the persons in the Brennan chain of title had not abandoned any right they may have had to use Fern Avenue. At most they had simply disregarded Fern Avenue. Non-use, as such, will not work an abandonment of an easement. *Desotell* v. *Szczygiel*, 338 Mass. 153, 158 (1958). *Lemieux* v. *Rex Leather Finishing Corp.*, 7 Mass. App. Ct. 417, 421-422 (1979). Contrast *Sindler* v. *William M. Bailey Co.*, 348 Mass. 589, 593 (1965).

3. *Adverse possession*. In addition to grant, release, estoppel, or abandonment, an easement in a way may be extinguished by adverse possession. *Emery* v. *Crowley*, 371 Mass. 489, 495 (1976). To establish acquisition through adverse possession of a fee unencumbered by an easement in the disputed portion of Fern Avenue, the DeCostas were bound to prove occupation of the land irreconcilable with its use as a way, openly, notoriously, adversely, and without interruption for more than twenty years. *Lemieux* v. *Rex Leather Finishing Corp.*, 7 Mass. App. Ct. at 422-424. *Yagjian* v. *O'Brien*, 19 Mass. App. Ct. 733, 735-737 (1985). See *Shaw* v. *Solari*, 8 Mass. App. Ct. at 155-156. Once again the DeCostas' case founders on the judge's findings. She found that the uses made by the predecessors in title of the DeCostas were not "of such nature or of such long duration as to eliminate the rights of other property owners whose land abuts on Fern Avenue." The judge expressly found that, although it was necessary to drive between existing trees, there was no obstacle to proceeding by motor vehicle to and from Park Avenue and the Brennan land via Fern Avenue and that predecessors in title to the Brennans did just that. The judge was not required to believe that the photographic evidence of barriers proved continuous obstruction over the prescriptive period. See *Lawton* v. *Dracousis*, 14 Mass. App. Ct. 164, 168-170 (1982).

*Judgment affirmed.*

*Anthony M. Metaxas* for the defendants.
*Michael J. Splaine* for the plaintiffs.