Welch, J.
The Planning Board of Amherst on May 26,1993 granted an application of New Genesis Foundation, Inc. (hereinafter Genesis) for an amendment to the Meadow Brook Subdivision Plan. This amendment in substance would merge and combine 14 building lots shown on the original plan attached to the copy of the Porter deed into one new 13.556-acre lot, eliminate or change two ways on the plan, and permit Genesis to build a church and parking lot where lots and roads previously existed.
The plaintiffs are owners of lots in the subdivision, all located westerly of the 13.556-acre parcel. Meadow Brook subdivision was a subdivision of land encompassing 72 lots originally approved in January 1963, and located westerly of East Pleasant Street, Amherst and easterly of North Pleasant Street. It was created by a Peter Ostrowski and his wife Mary M. Ostrowski.
On February 21, 1992 the legal representative of the estate of Mary M. Ostrowski sold lots 24 through 35 inclusive and lots 39 and 40 to Genesis. These lots abutted on or were adjacent to Hobart Lane, a public way. Hobart Lane was 645 feet in length leading to North Pleasant Street, a main road leading into Amherst center. Rolling Ridge Road was public for 2,670 feet out to East Pleasant Street, and another main road leading to the center of Amherst. The ends of the two public roads were approximately 300-400 feet apart and the road in that area was not improved on the ground. There was another road, Haskens Street, bounded by lots 24 and 28 which was eliminated by the proposed amended plan as was the direct link up between Rolling Ridge and Hobart Lane. The plaintiffs argued one could still drive through the Genesis parking lot, assuming it was open and not full of cars, to get out through Hobart. This parking lot would then be private properly.
The deeds to the five plaintiffs each contained an express provision:
TOGETHER WITH the right and easement, in common with others, to pass and repass, with or without vehicles over the streets as shown on plan of land recorded with said Registry of Deeds, Book 65, Page 13 together with the right to connect to and use the public utilities now or hereafter installed therein.
Hobart Lane was a public way up to at least lot 39 and perhaps for 30-40 feet beyond its boundary with lot 38. It was also apparently paved to that point. Rolling Ridge was a public way up to land of Jeffrey Perchak and paved to that point.
The right of way enjoyed by the lot owners would exist not only as to the roads or ways that were laid out on the ground and physically in existence, but also as to ways that were laid out on paper as long as the “paper ways” were sufficiently and adequately described. Murphy v. Mart Realty of Brockton, Inc., 348 Mass. 675, 678 (1965). They would also have the right to improve the easements as long as they did not interfere with the servient owner’s estate. Stagman v. Kykas, 19 Mass.App.Ct. 590, 593 (1985). The easement is to be interpreted as available for use by the whole of the dominant tenement existing at the time of the creation. Pion v. Dwight, 11 Mass.App.Ct. 406, 410 (1981). The courts have looked with disfavor on taking rights in and to real property from an owner except by eminent domain. Lizzo v. Drukas, 333 Mass. 242, 243 (1955). The way once fixed could not be altered or changed without the consent of all parties. Anderson v. DeVries, 326 Mass. 127, 132 (1950).
Further, when land being lots 21, 22 and 23 was conveyed to Catherine Porter in December 1977 by virtue of c. 183 §58, she owned to the center line of Rolling Ridge Road and Haskens Street. Tattan v. Kurlan, 32 Mass.App.Ct. 239 (1992). Emery v. Crowley, 371 Mass. 489, 494, 495 (1976). An express easement can be extinguished only by grant, release, abandonment, estoppel or prescription. Brennan v. DeCosta, 24 Mass.App.Ct. 968, 969 (1987). An easement is a right which one person has to use the land of another for a definite purpose. Brown v. Sneider, 9 Mass.App.Ct. 329, 331 (1980).
The plaintiffs’ complaint combined six legal claims; first, declaratory judgment as to the fee ownership by Porter of Rolling Ridge Road and Haskens Street abut *626 ting lots 22-23 and 23; second, declaratory relief as to plaintiffs’ rights by deed in and to the streets; third, declaratory judgment as to Genesis over burdening that portion of Rolling Ridge Road which is not a public way; fourth, claim for mandatory injunction; fifth, zoning appeal under chapter 40A, §17; sixth, subdivision appeal under c. 41, §81BB.
The defendant Genesis filed a motion for summary judgment on all the claims. The plaintiffs have filed a cross motion for summary judgment as to claim 2, Declaratory Judgment, and Count 6, subdivision appeal.
The defendant Genesis has not provided any law as to why c. 183, §58 as interpreted in Tattan, supra does not stand for the proposition that the plaintiff Porter has title to one-half of Rolling Ridge Road and one-half of Haskens Street where they abut her property subject to an express easement in the other lot owners in the subdivision to pass and repass with or without vehicles over her one-half of the road. If so, the heirs or estate of Mary Ostrowski did not have title to sell this land to Genesis and they in turn cannot incorporate this land in their amended subdivision. The planning board therefore could not approve this plan as drawn.
Genesis relies on Walter Kassuba Realty Corp. v. Akeson, 359 Mass. 725, 727, 728 (1971). In Kassuba the plaintiffs brought a land court petition to register title to certain land. The defendants, abutting land owners, claimed rights of way over “paper" streets running through the land the plaintiffs wished to register claiming a right of way by implication, an implied easement. None of the deeds relied on contained an express grant of an easement. In this case the plaintiffs have very clear express grants of an easement over the streets as shown on the plan of the subdivision. As stated in Brennan, supra the express grant can be extinguished only in certain ways. Mere non use does not produce an abandonment or defect on an express easement. Lemieux v. Rex Leather Finishing Corp., 7 Mass.App.Ct. 417, 421 (1979). Language in a deed which creates an easement, not ambiguous, creates a property interest that cannot be infringed. Texon, Inc. v. Holyoke Machine Co., 8 Mass.App.Ct. 363, 365 (1979). The owner of the land burdened by the easement may not use his land so as to interfere with the easement owner’s right of use by leading to a material increase in the cost or inconvenience to the easement holder’s exercise of his rights. See Western Massachusetts Electric Co. v. Sambo’s of Massachusetts, Inc., 8 Mass.App.Ct. 815, 821 (1979), for interference of an easement by a parking facility. For a case pointing out the distinction between an implied easement and an express easement see Murphy v. Donovan, 4 Mass.App.Ct. 519, 526 (1976).
Genesis relies on the power of the planning board to modify and amend the plan by changing streets on the plan, pursuant to c. 41, §81W, but no modification or amendment shall affect the lots in such subdivision which have been sold or any rights appurtenant thereto. Changes which would “affect” lots in a subdivision are changes which would deny access, impose (or remove) easements, encumber the manner and extent of use of which the lot was capable when sold. Patelle v. Planning Board of Woburn, 20 Mass.App.Ct. 279, 284 (1985). Does the modification affect the utility of the lots which have been sold, Patelle page 282, rather than have an indirect impact?
The court believes the proposed changes would “affect” the plaintiffs’ lots by taking away rights of egress and access to East Pleasant to Hobart Lane, requiring a longer trip over Rolling Ridge Road to North Pleasant St., would remove or limit an easement and do more them merely affect the utilities of the lots.
The court denies the motion for summary judgment by Genesis for the reasons set forth herein as there is a genuine issue of law or fact as to the plaintiffs’ claims.
The court grants the cross motion for summary judgment by the plaintiffs as to count 2, declaratory relief as to the plaintiffs Porter’s rights of ownership in fee as to the streets abutting their property, and the plaintiffs are to submit a proposed judgment with notice to the defendant.
Summary judgment is also granted to the plaintiffs for the reasons set forth herein on Count 6 that the decision of the Planning Board was in excess of its authority and is annulled.