ZORA ENTERPRISES, INC. *vs.* CHARLES E. BURNETT, JR., & another[1] (and a companion case[2]).

Nos. 02-P-161 & 02-P-1618.

Plymouth. December 16, 2003. - June 21, 2004.

Present: LAURENCE, COWIN, & McHUGH, JJ.

*Adverse Possession and Prescription. Real Property,* Adverse possession. *Statute,* Retroactive application. *Way.*

A Superior Court judge properly dismissed a civil complaint seeking a declaration that the retroactive application of G. L. c. 183, § 58, to a conveyance deprived a property owner of its constitutional rights, where the property owner waived such contention by not asserting it in the context of a prior pending action between the parties concerning the application of that statute. [345-347]
In a civil action in which there was a counterclaim of adverse possession of a certain way, the judge erred in denying the defendant in counterclaim's motion for a directed verdict, where the plaintiff in counterclaim had permissive, nonexclusive rights to use the way. [347-348]

CIVIL ACTION commenced in the Superior Court Department on October 24, 1997.

The case was tried before *Richard J. Chin,* J.

CIVIL ACTION commenced in the Superior Court Department on July 24, 2000.

A motion to dismiss was heard by *Richard J. Chin,* J.

*Margaret A. Ishihara* for Zora Enterprises, Inc., & another.

*Daniel J. Vieira* for Charles E. Burnett, Jr., & another.

COWIN, J. We consider appeals arising from determinations in the Superior Court regarding ownership of the fee interest in a portion of a way located in the town of Marion. When the smoke from the two proceedings cleared, it had been decided that (1) Charles E. Burnett, Jr., and Anne E. Burnett (the Bur-

---

[1]Anne E. Burnett.

[2]Charles E. Burnett, Jr., and Anne E. Burnett *vs.* Joseph P. Zora, Jr., and Zora Enterprises, Inc.

netts) would, in ordinary circumstances, own the disputed fee interest by virtue of the operation of G. L. c. 183, § 58[3]; (2) the contention of Zora Enterprises, Inc., that the statute could not constitutionally be applied retroactively to the conveyance at issue was precluded; but (3) Zora Enterprises, Inc., had acquired title to the property by means of adverse possession. Zora Enterprises, Inc., appeals, in case no. 02-P-161, from the dismissal of its complaint seeking relief from the operation of G. L. c. 183, § 58. The Burnetts appeal, in case no. 02-P-1618, from the judgment declaring that title to the property is in Zora Enterprises, Inc., by adverse possession. In Zora's appeal, we affirm the judgment dismissing the complaint of Zora Enterprises, Inc. In the Burnetts' appeal, we reverse the judgment declaring that Zora Enterprises, Inc., has obtained title to the property by adverse possession.

1. *Background.* The material facts do not appear to be genuinely disputed. On or about March 3, 1965, Robert H. Talbot and Margaret D. Talbot conveyed to Joseph P. Zora and Glenna M. Zora real property located on Converse Road in the town of Marion. This parcel adjoined a larger landlocked parcel that the Zoras had acquired earlier from James Hartley and others. The Zoras mortgaged the property (to Wareham Cooperative Bank) and subdivided the newly acquired property into two lots.

In late 1966, Joseph Zora, who planned to subdivide and develop most of his real estate in the area, began to lay a surface over Old Knoll Road, a way shown on a plan of the property as abutting the lots acquired from the Talbots, and then extending beyond those lots into the Zoras' other land. On or about April

---

[3]General Laws c. 183, § 58, as appearing in St. 1990, c. 378, § 58, provides, in pertinent part: "Every instrument passing title to real estate abutting a way, whether public or private, watercourse, wall, fence or other similar linear monument, shall be construed to include any fee interest of the grantor in such way, watercourse, or monument [with certain exceptions not relevant in this case], unless . . . the instrument evidences a different intent by an express exception or reservation and not alone by bounding by a side line." See *Tattan* v. *Kurlan,* 32 Mass. App. Ct. 239, 242-243 (1992).

While the statute by its terms does not apply retroactively to all instruments of conveyance executed prior to its effective date, it does apply to the conveyance at issue here. See St. 1971, c. 684, § 2; St. 1973, c. 185, § 2; St. 1990, c. 378, § 2.

17, 1967, the Zoras conveyed a portion of the land bordering on Converse Road to Arthur C. Hickey and Jeanne P. Hickey. This parcel was subsequently acquired by the Burnetts in 1995. (See plan attached as an Appendix.) The deed referred to the conveyed footage as bounded by Old Knoll Road. No part of Old Knoll Road was expressly conveyed to the Hickeys. The deed expressly excluded the fee interest in a twelve-foot strip along the northern border of the conveyed parcel (referred to in the appendix as the "water main easement").

Joseph Zora continued to develop the way shown on the plan as Old Knoll Road. Beside surfacing approximately a twenty-foot wide portion of the approximately fifty-foot wide way, he caused both telephone and electrical lines to be laid. Between 1969 and 1970, he extended the pavement of the way to the rear of the two front lots into his remaining subdivided real estate. On or about January 21, 1972, the Zoras conveyed all of their remaining real estate in the area to Zora Enterprises, Inc., a family controlled corporation (henceforth, Zora). Zora continued to maintain Old Knoll Road as a route to its developing rear properties, authorizing use of the way by those who had acquired real estate within the rear subdivision while excluding use by others.

In 1997, Zora installed a sewer line beneath Old Knoll Road, apparently cutting down trees along the way in the process. This construction caused the Burnetts to commence an action against Zora and Joseph P. Zora, Jr.,[4] seeking a declaration that they were the owners of the fee underlying Old Knoll Road; injunctive relief; and damages for trespass, including the cutting of trees, see G. L. c. 242, § 7, and for violation of G. L. c. 93A. Zora counterclaimed, praying for a declaration that it owned the fee underlying the way, as well as the fee in the water main easement; a judgment quieting title; and damages for trespass. In the alternative, Zora claimed that, if it were determined that title had once been in others, Zora either had acquired title to the fee underlying the way by adverse possession or had a prescriptive easement over the way.

Acting on the Burnetts' motion for partial summary judg-

---

[4]Why the Burnetts joined Joseph P. Zora, Jr., as a defendant is unclear. He was subsequently dismissed as a party defendant by agreement.

ment, a judge of the Superior Court determined that the deed from Joseph Zora and Glenna Zora conveying the parcel in question to the Hickeys in 1967 was to be construed in accordance with the provisions of G. L. c. 183, § 58 (see note 3, *supra*), and *Rowley* v. *Massachusetts Elec. Co.*, 438 Mass. 798, 801-803 & n.10 (2003), and thus that the Hickeys, and subsequently the Burnetts, owned the fee interest in Old Knoll Road. Nevertheless, the judge declined to grant summary judgment in favor of the Burnetts on the title issue, concluding that disputed questions of material fact precluded summary adjudication of Zora's counterclaim that it had acquired an interest in the property in question by adverse possession or prescriptive use.[5]

While the matter was awaiting trial, Zora filed a motion to amend its counterclaim to add a prayer for a declaratory judgment that retroactive application of G. L. c. 183, § 58, to the 1967 deed to the Hickeys was unconstitutional.[6] The motion to amend was denied. Zora did not file a notice of appeal from the eventual final judgment in that case.[7] Thereupon, Zora commenced a new proceeding in the Superior Court seeking essentially the same relief. The complaint was dismissed by a second judge on the ground that a prior action was pending in a court of the Commonwealth, see Mass.R.Civ.P. 12(b)(9), 365 Mass. 754 (1974), and Zora appealed from that judgment.

Trial of the first case then ensued. The Burnetts waived their claims for damages for trespass and violation of G. L. c. 93A, and the case proceeded on Zora's counterclaim regarding title. The Burnetts' motion for a directed verdict in their favor on

---

[5]The judge also concluded that Joseph Zora and Glenna Zora, at the time of the 1967 conveyance to the Hickeys, had retained title to the fee in the twelve-foot wide "water main easement." This determination has not been challenged on appeal.

[6]Zora's constitutional arguments are based on the contracts clause of the United States Constitution, art. I, § 10, cl. 1; the due process clauses of the Fourteenth Amendment to the United States Constitution and of art. 12 of the Massachusetts Declaration of Rights; and the takings clause of the Fifth Amendment to the United States Constitution.

[7]Zora sought leave from a single justice of this court to prosecute an interlocutory appeal from the order denying its motion to amend the counterclaim, but its petition was denied. This effort, of course, is not a substitute for an appeal from the final judgment.

Zora's counterclaim was denied, and the jury returned a verdict that Zora had obtained title by adverse possession to the fee underlying the portion of Old Knoll Road that abutted the Burnetts' lot.[8] The Burnetts filed a timely notice of appeal.

2. *Dismissal of Zora's complaint (no. 02-P-161).* Zora's complaint seeking a declaration that the retroactive application of G. L. c. 183, § 58, to the 1967 conveyance deprived it of various constitutional rights was dismissed on the basis of the prior pending action between the parties. See Mass.R.Civ.P. 12(b)(9).[9] Zora contends that the dismissal has deprived it unfairly of an opportunity to obtain an adjudication of its constitutional claims. However, Zora had that opportunity and did not pursue it.

In moving for summary judgment on their claim of title to the fee underlying Old Knoll Road, the Burnetts expressly cited G. L. c. 183, § 58, as a basis for their claim. Zora recognized this in its opposition to the motion, and even referred to the fact that the Burnetts sought retroactive application of the statute. Nevertheless, Zora did not defend on the ground that such retroactive application was unconstitutional. Rather, Zora argued that the statute was not applicable to the 1967 conveyance to the Hickeys because, at that time, the property was mortgaged to Wareham Cooperative Bank; title was therefore in the lender rather than the grantors; and thus the grantors had no title to convey that was affected by the statute. This argument was rejected, as it should have been. A mortgagee is the "owner" of the mortgaged property only as against the mortgagor, but not with respect to third parties. See *Boston* v. *Quincy Mkt. Cold Storage & Warehouse Co.*, 312 Mass. 638, 648-649 (1942); *Hanna* v. *Framingham*, 60 Mass. App. Ct. 420, 425 (2004). Thus, the Zoras' 1967 conveyance to the Hickeys and the application of G. L. c. 183, § 58, to it were unaffected by the fact that the property was mortgaged.

If Zora had claims that the retroactive application of G. L.

[8]The jury also found that the Burnetts had cut down trees on the water main easement and awarded Zora damages of one dollar. This determination has not been appealed.

[9]The Burnetts also sought dismissal on the ground that Zora's constitutional claims should have been asserted as a compulsory counterclaim in the prior proceeding, but the motion judge rejected this theory.

c. 183, § 58, was unconstitutional, it was incumbent on Zora to assert that contention at the time that the statute's application was being decided. Failure to do so waived the contention. See *Ballerino* v. *Ballerino*, 436 Mass. 1005, 1006 (2002); *Fidelity Mgmt. & Research Co.* v. *Ostrander*, 40 Mass. App. Ct. 195, 200 (1996). It was not sufficient to revive the issue for Zora to move, more than ten months after the judge's ruling on the Burnetts' motion for partial summary judgment, for leave to amend its counterclaim. Denial of that motion was within the judge's discretion, a proposition apparently recognized by Zora in that it took no appeal therefrom.

There is some indication in the record that, at the subsequent trial, Zora attempted to assert its constitutional claims against retroactive application of the statute as a defense to the Burnetts' contention that the statute conferred title to the way upon them. We fail to understand how Zora was assisted by this. The meaning and application of G. L. c. 183, § 58, had been adjudicated on partial summary judgment two years earlier; nothing suggests that the trial judge was prepared to revisit that interlocutory order; and the trial was addressed not to the Burnetts' claim under the statute, on which they had already prevailed, but instead to Zora's counterclaim for adverse possession or prescriptive easement. Consequently, no revival of Zora's constitutional claim took place at the trial. We note further that, having prevailed at trial on its adverse possession claim, Zora was apparently content to accept title on that basis, and took no appeal with respect to rulings pertaining to G. L. c. 183, § 58. In addition, Zora has made no argument on appeal in support of its adverse possession judgment that in any way implicates the merits of retroactive application of the statute.

The course ultimately chosen by Zora to litigate its constitutional claims was the independent complaint that was subsequently dismissed pursuant to Mass.R.Civ.P. 12(b)(9). Dismissal under this rule is proper when the same parties are involved in two actions, one begun before the other, and "[i]t is apparent from the face of the present complaint . . . that all the operative facts relied on to support the present action had transpired prior to the commencement of the first action." *Keen* v. *Western New England College*, 23 Mass. App. Ct. 84, 85-87 (1986).

That is the case here. That events transpiring in the first case have binding effect on the plaintiff in the second case makes enforcement of the policies underlying rule 12(b)(9) more, not less, desirable.[10] There was no error in dismissing Zora's complaint.[11]

3. *Appeal from judgment of adverse possession (02-P-1618).* We turn to the Burnetts' appeal from the judgment of adverse possession in favor of Zora. We conclude that the Burnetts' motion for a directed verdict should have been allowed. A motion for directed verdict will be granted "only where, construing the evidence most favorably to the [nonmoving party,] it is still insufficient to support a verdict in his favor." *DiMarzo* v. *S & P Realty Corp.*, 364 Mass. 510, 514 (1974). "If, upon any reasonable view of the evidence, there is found a combination of facts from which a rational inference may be drawn in favor of the [nonmoving party]," then a directed verdict is not appropriate. *Chase* v. *Roy*, 363 Mass. 402, 404 (1973). Here, the evidence was insufficient to support a finding in Zora's favor.

A party who seeks title by adverse possession of land lying within the bounds of an established way is "bound to prove occupation of the land irreconcilable with its use as a way, openly, notoriously, adversely, and without interruption for more than twenty years." *Brennan* v. *DeCosta*, 24 Mass. App. Ct. 968, 969 (1987). Here, the case was tried by both parties on the theory that Zora had permissive rights in Old Knoll Road. That is clear from Zora's alternative contention that it had a prescriptive easement, as well as from the Burnetts' assertion in this appeal that Zora already had nonexclusive rights in the way (but did not own the fee).

If the adverse claimant (Zora) already has a nonexclusive

---

[10]In supporting the action of the motion judge under Mass.R.Civ.P. 12(b)(9), we do not mean to eliminate the possibility that the case could have been decided on the basis of claim preclusion. However, the Burnetts did not press this theory and the judge did not act on this ground.

[11]*Striar* v. *Cooper*, 6 Mass. App. Ct. 841, 841-842 (1978), is of no assistance to Zora. Unlike the present case, the claims in *Striar* were "separate and distinct," and dismissal under rule 12(b)(9) would have had the effect of denying relief on one of the claims without the plaintiff having any opportunity to litigate it. By contrast, Zora had an opportunity to litigate its constitutional claims and did not do so.

right to use the way, that use cannot be "irreconcilable" with use of the property as a way. *Ibid.* Activities affecting the way undertaken by Zora (constructing from an unimproved condition, authorization to install utility lines, general upkeep) did not impede the rights of others to make use of it; if anything, the improvement and upkeep facilitated use by others. That Zora purported to grant to others permission to use Old Knoll Road is of no significance. If Zora was not in fact the owner, it had no permission to give or withhold, and its intent is irrelevant. See *Kendall* v. *Selvaggio*, 413 Mass. 619, 623-624 (1992).[12]

4. *Disposition.* The judgment in appeal no. 02-P-161 is affirmed. The portion of the judgment in appeal no. 02-P-1618 specifying that Zora has acquired title to the disputed portion of Old Knoll Road by adverse possession is reversed. A declaratory judgment that the Burnetts have title to that portion of Old Knoll Road that abuts their property shall be entered.

*So ordered.*

---

[12]Because we conclude that the evidence of adverse possession was insufficient to reach the jury, we need not address the Burnetts' contention that the jury instructions were erroneous.