Agostini, John A., J.
The defendant brings this motion to dismiss this complaint, asserting that there are no facts in dispute and it is entitled to a judgment as a matter of law with respect to these claims. Not surprisingly, the plaintiffs contend that the complaint is sufficient to withstand this motion.
The plaintiffs have filed an action claiming that excessive noise, dust, flumes and vibrations from the defendant’s trucking terminal constitutes a nuisance and trespass. The plaintiff further asserts that the defendant intentionally increased the noise in retaliation of the plaintiffs’ actions before local boards. Presently pending before the Land Court is the defendant’s suit against the Webster Zoning Board of Appeals seeking to overturn a cease and desist order regarding loading, unloading and any related activities during certain times of the day, an action initiated by some of the above plaintiffs. The plaintiffs attempted to intervene in the Land Court action but their motion was denied. See Prudential Ins. Co. of American Board of Appeals of Westwood, 18 Mass.App.Ct. 632, 635 (1984).
The defendant moves under Rule 12(b)(6) and 12(b)(9). Pursuant to Mass.R.Civ.P. 12(b)(6), a complaint will .be dismissed if it fails to state a legal claim on which relief may be granted against the defendant. The Court is to accept as true “the allegations of the *502 complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor.” Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004), quoting Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). The complaint will not be dismissed “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the complainant need not advance the correct legal theory, but merely must provide a “short and plain statement of the claim showing that the pleader is entitled to relief.” Whitinsville Plaza, 378 Mass. at 89, quoting Mass.R.Civ.P. 8(a)(1). See also Harvard Law Sch. Coalition for Civil Rights v. President & Fellows of Harvard Coll., 413 Mass. 66, 71 (1992).
“Rule 12(b)(9) provides for the dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth.” M.J. Flaherty Co. v. United States Fid & Guar. Co., 61 Mass.App.Ct. 337, 339 (2004). Rule 12(b)(9) embodies the “salutaiy and well established rules against claim splitting.” Keen v. Western New England College, 23 Mass.App.Ct. 84, 87 (1986). “Dismissal under this rule is proper when the same parties are involved in two actions, one begun before the other, and ‘[i]t is apparent from the face of the present complaint that all the operative facts relied on to support the present action had transpired prior to the commencement of the first action.’ ” Zora Enterprises, Inc. v. Burnett, 61 Mass.App.Ct. 341, 346 (2004), quoting from Keen v. Western New England College, supra.
Initially, the defendants assertion that the claims must be dismissed because of the pending action in the Land Court is without merit. The parties are different as are the claims. Further, the plaintiffs are seeking monetary damages; relief that is beyond the jurisdiction of the Land Court. Contrary to the defendant’s assertion, the Webster Zoning Board is not representing all of the plaintiffs’ interest. Finally, the plaintiffs are not required to exhaust administrative remedies as the claims of nuisance and trespass do not require such pre-suit exhaustion.
Turning to the merits of the claims, and viewing the complaint itself without looking beyond the four corners of the document and related attachments, the factual assertions are sufficient to allow this case to proceed regarding nuisance and trespass actions. For the purpose of a motion to dismiss, these allegations are sufficient to withstand a motion to dismiss. Although the defendant may have the better of the argument after all the facts are presented, the court is unable to dismiss the complaint in its present posture. A motion for summary judgment would be a more appropriate vehicle to resolve this dispute prior to trial.
Finally, the defendant invocation of Hub Theatres, Inc. v. Massachusetts Port Authority, 370 Mass. 153 (1976), is not persuasive. In Hub Theatres, the SJC held that where expansion of an airport was authorized by legislature, planes flying out of that airport were not an actionable nuisance. See also Czapski v. Sun Oil Co., 303 Mass. 186 (1939) (where gas station had a license, “plaintiff cannot restrain as a nuisance the doing in a reasonable and careful manner of the very act licensed”); Strachan v. Beacon Oil Co., 251 Mass. 479, 487 (1925) (“if the licensee has complied in all respects with the terms, what he does thereunder cannot be considered a nuisance or be restrained, even if without such licenses the acts done would be a nuisance”); Sawyer v. Davis, 136 Mass. 239, 241-42 (1884) (where municipal ordinance allowed ringing of factory bell, the ringing that had previously been found a nuisance was no longer actionable). But see, Marshall v. Hollbrook, 276 Mass. 341, 346-47 (1931) (although license to do a particular activity precludes an action in nuisance based on that activity, zoning regulation is not the equivalent of a license).
However, while the natural and inevitable consequence of such an authorized business cannot constitute a nuisance or trespass, “[t]he manner in which a business or activity which has been legislatively sanctioned may be conducted ... is not without limitations. Rather, it is ‘subject always to the qualification that the business must be carried on without negligence or unnecessary disturbance of the rights of others.’ ” Hub Theatres at 156, quoting Sawyer at 242. See also TCR Midatlanctic/NE Properties, Inc., v. Marques, 66 Mass.App.Ct. 1102 (2006). At this point, based on the allegations in the complaint, it is impossible for me to determine if the alleged nuisance exceeds what would be expected for this type of business, either intentionally or negligently. It is my sense that the plaintiffs have an uphill fight, but again, a summary judge motion would be more appropriate.
However, there is one claim that should be dismissed. The claim for retaliation in this context is not a recognized cause of action in the Commonwealth. The evidence establishing such retaliation may support a claim that the trucking activities create an unnecessary disturbance of the rights of others, however, there is no independent claim.
Finally, the defendants are correct in asserting that two simultaneous actions could result in conflicting judgments and certainly is not an efficient use of judicial resources. Accordingly, this action is stayed until the resolution of the Land Court action or by further order of this court.
Accordingly, the defendants’ motion to dismiss is denied with respect to Counts I and II and allowed with respect to Count III. The case is stayed until the resolution of the Land Court action or further order of this court.