61 Mass. App. Ct. 337 (2004)                    337

M.J. Flaherty Company *v.* United States Fidelity & Guaranty Company.

## M.J. FLAHERTY COMPANY *vs.* UNITED STATES FIDELITY & GUARANTY COMPANY.

No. 03-P-422.

Middlesex. February 11, 2004. - June 18, 2004.

Present: DOERFER, COHEN, & MILLS, JJ.

*Contract,* Construction contract, Performance and breach. *Practice, Civil,* Pendency of prior action, Dismissal. *Consumer Protection Act,* Pendency of prior action, Unfair act or practice, Offer of settlement.

A Superior Court judge erred in allowing a motion to dismiss a civil action by a construction subcontractor against the general contractor's surety under Mass.R.Civ.P. 12(b)(9), 365 Mass. 754 (1974), on the ground of a prior action pending involving the same parties, facts, and circumstances, where, although the two actions both related to the performance of a contract between the subcontractor and the general contractor on a particular project, there was a fundamental difference between the claims against the surety in the first and second actions, and where the issue in the second action was not who must prevail on the contract claim as a matter of law and fact, but rather whether the surety made a reasonable assessment of the merits of the claim and, in light of that reasonable assessment, was required to and did make a reasonable offer of settlement if liability and damages were reasonably clear. [339-340]

CIVIL ACTION commenced in the Superior Court Department on September 10, 2002.

A motion to dismiss was heard by *Julian T. Houston,* J.

*Joseph H. Skerry, III,* for the plaintiff.

*John W. DiNicola, II* (*Edward J. Naughton* with him) for the defendant.

DOERFER, J. The plaintiff, M.J. Flaherty Company, a subcontractor, and R.W. Granger & Sons, Inc. (Granger), the general contractor (for whom the defendant, United States Fidelity & Guaranty Company [USF&G], had provided a surety bond), were engaged in litigation commenced in 1998 over moneys allegedly owed to the plaintiff under the HVAC (heating, ventilat-

ing, and air conditioning) subcontract. USF&G assumed the place of Granger in the litigation. A trial was scheduled for a date in November, 2002.

In September, 2002, the plaintiff took the position that USF&G, as surety for the contractor, was refusing to make a reasonable offer of settlement after liability had become reasonably clear. The plaintiff filed a complaint alleging that the defendant had breached obligations it allegedly had under G. L. c. 176D, § 3(9)(*f*), by engaging in unfair settlement practices and thus was in violation of G. L. c. 93A.

The defendant moved to dismiss the new action under Mass. R.Civ.P. 12(b)(9), 365 Mass. 754 (1974), on the ground of prior action pending. In view of the separate and distinct claims raised in the second action, it was error to allow that motion.

*Facts.* In the underlying dispute the complaint alleged that Granger wrongfully refused to pay the plaintiff $89,412.14 that Granger allegedly admitted was due on the subcontract and that Granger owed the plaintiff an additional $32,451.86, as well as damages for delay of the project. The complaint sought payment from the defendant based on the payment bond it had issued under G. L. c. 149, § 29.

In the present action, the plaintiff sought to recover multiple damages and attorney's fees under G. L. c. 93A, based on the defendant's failure to reasonably investigate and settle its claims after liability became reasonably clear. The complaint recited standard allegations relevant to an unfair settlement practices complaint, invoking G. L. c. 176D, § 3(9)(*f*), as a ground (and the only ground) for a claim under G. L. c. 93A, § 11.

In its motion under Mass.R.Civ.P. 12(b)(9), the defendant argued that, since the first lawsuit involved the same parties and the same facts and circumstances, the second suit should be dismissed as a prior pending action.[1] In January, 2003, the motion judge allowed the defendant's motion.

---

[1]The defendant also moved in the alternative to consolidate the actions and to issue a new tracking order. See Mass.R.Civ.P. 42(a), as amended, 423 Mass. 1402 (1996). However, as the parties tried the first action in November and December, 2002, before the motion judge heard the motion to dismiss the second action, this request was moot at the time of decision. The outcome of that trial and the status of any judgment resulting therefrom is not revealed in the record. The parties do not address the relevance to this appeal of the

*Discussion.* Rule 12(b)(9) provides for the dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth. See *Harvard Community Health Plan, Inc.* v. *Zack,* 33 Mass. App. Ct. 649, 652 (1992). The rule prohibits the long-barred practice of claim-splitting. *Keen* v. *Western New England College,* 23 Mass. App. Ct. 84, 87 (1986).

Although the two actions both relate to the performance of a contract between the plaintiff and Granger for work on the Tsongas arena project, there is a fundamental difference between the claims against the surety in the first and second actions. In the first action, the surety stands in the shoes of Granger, and is liable only to the extent that Granger is liable. See *Mestek, Inc.* v. *United Pac. Ins. Co.,* 40 Mass. App. Ct. 729, 731 (1996); *John W. Egan Co.* v. *Major Constr. Mgmt. Corp.,* 46 Mass. App. Ct. 643, 646 (1999). In the subsequent action, the liability of the surety is claimed to derive from the requirements of a statute, G. L. c. 176D, § 3(9)(*f*), that allegedly applies to a surety on a public construction contract. See *R.W. Granger & Sons, Inc.* v. *J & S Insulation, Inc.,* 435 Mass. 66, 71 n.8 (2001) (where the statute was assumed to apply and its application was not an issue in the case).

Furthermore, although the second action involves a consideration of the merits of the breach of contract claim, that consideration is once removed from the actual resolution of the merits. The issue in the second case is not who must prevail on the contract claim as a matter of law and fact, but rather whether the defendant made a reasonable assessment of the merits of the claim and, in the light of that reasonable assessment, was required to and did make a reasonable offer of settlement if liability and damages were reasonably clear.[2] See *Bobick* v. *United States Fid. & Guar. Co.,* 439 Mass. 652, 658-663 (2003).

---

disposition of the first case. Thus, principles relevant to issue preclusion and claim preclusion arising from the disposition of the first case are not considered herein.

[2]The situation is somewhat confused by the fact that in the original action the plaintiff had claimed that Granger was in violation of G. L. c. 93A because one part of the plaintiff's claim was not disputed by Granger. But the liability, if any, of the defendant on this claim derived from its status as a stand-in for Granger, not as an insurer of Granger's liability.

Although, theoretically, as seen in *R.W. Granger & Sons, Inc.* v. *J & S Insulation, Inc.*, 435 Mass. at 69, the plaintiff could have, at some point, technically tacked on its unfair settlement claim in the original action, its failure to do so should not doom that claim, asserted in a subsequent action, to dismissal as a prior pending action. The filing of two separate actions is not an irrational alternative.[3] Compare the approach taken by the parties in *Miller* v. *Risk Mgmt. Foundation of Harvard Med. Insts., Inc.*, 36 Mass. App. Ct. 411, 414-415 (1994) (separate actions), and in *Clegg* v. *Butler*, 424 Mass. 413, 420 (1997) (additional count for unfair settlement practice added to the claims on the merits). Further, we note that if a claim for unfair settlement practices is brought with the original liability suit, Superior Court judges may take the sensible step of staying the unfair settlement claim pending the outcome of the underlying negligence claim.[4]

*Judgment reversed.*

---

[3]Consolidation of the two cases in such a situation, however, would further the goal of judicial economy and possibly lead to a speedier end to litigation. See Mass.R.Civ.P. 42(a), as amended, 423 Mass. 1402 (1996); *Hurwitz* v. *Bocian*, 41 Mass. App. Ct. 365, 369 (1996). The trial judge could regulate the litigation of the two claims in a consolidated action to avoid prejudicing the underlying contract claim by revelations of facts that are relevant only to the unfair settlement claim. Here, it appears the parties did not discuss the option of consolidation with the trial judge, even though the defendant had asked for consolidation, in the alternative, in its motion to dismiss. Trying the one claim after the first has gone to final judgment and with a different judge is an "undesirable" circumstance. *Wyler* v. *Bonnell Motors, Inc.*, 35 Mass. App. Ct. 563, 564 n.2 (1993).

[4]This was the approach taken in *Bobick* v. *United States Fid. & Guar. Co.*, 439 Mass. at 654-655.