Krupp, Peter B., J.
This action is before the court on the motion by defendant Margaret Maiy Hayes-Walsh (“Hayes-Walsh”) to dismiss the complaint under Mass.R.Civ.P. 12(b)(6). After hearing on Februaiy 20, 2013, for the following reasons, the motion is ALLOWED. Because this decision affects plaintiffs claim against defendant Margaret M. Morrissey (“Morrissey”) (see footnote 4 below), the court has also included below a scheduling order with respect to the claim against Morrissey.
Background
The Complaint (“Compl.”) alleges the following facts, which the court accepts as true for purposes of deciding the motion to dismiss. Iannacchino v. Ford Motor Co. (“Iannacchino”), 451 Mass. 623, 636 (2008).
In 2005, plaintiff Raymond B. Bandar (“Bandar”) and William H. Walsh (“Walsh”), the late husband of Hayes-Walsh, entered into a joint venture to acquire an apartment building at 32-38 Prince Street in Cambridge, renovate it, convert it to condominiums, and *43 sell the units. Bandar and Walsh originally agreed they would each own a 50% interest in the joint venture. Bandar, Walsh and Morrissey, who provided services to Bandar and Walsh, later agreed they would share the profits realized from the sale of the units, with one-third to each. Compl ¶4. Bandar, Walsh and Morrissey had different roles. Bandar supplied most of the initial working capital, while Walsh, among other things, provided the development expertise and supervised construction. Id. ¶5. Although these allegations are somewhat ambiguous, it is reasonable to infer from them that Bandar provided the money to acquire and renovate the property, while Walsh and Morrissey contributed other skills and time to the project to warrant their proportionally equal beneficial interests in the project.
After construction was completed, Bandar and Walsh created a condominium known as 32-38 Prince Street Condominium and acquired title to all six of the condominium units through a nominee trust, the 32-38 Prince Street Trust (“the Trust”). First Camreal Corp. served as trustee of the Trust. Walsh and Bandar each held a 50% beneficial interest in the Trust. Id.
In September 2006, Walsh told Bandar that he wanted to convey title to one of the six units to Hayes-Walsh to help her build up her credit. After Bandar did not object, on September 26, 2006, First Camreal Corp., as trustee of the Trust, conveyed Unit 34A to Hayes-Walsh for nominal consideration (described in the deed as “less than $100”). Id. ¶6.
Although plaintiff alleges that all of the relevant parties—Walsh, Bandar, Morrissey and Hayes-Walsh—all understood Hayes-Walsh held Unit 34A subject to Morrissey’s and Bandar’s interests, id. ¶7, he alleges that after acquiring the property, Hayes-Walsh acted somewhat inconsistently with this understanding. Hayes-Walsh borrowed money to pay off her debts, giving a mortgage of Unit 34Ato secure the loan, and paid the excess proceeds of the loan to Bandar and Walsh in equal shares, id., and apparently not to Morrissey.[1]
Between February 2006 and May 2007, Walsh and Bandar transferred one unit to an investor for no consideration and sold three other units. The proceeds from sale were distributed in accordance with the joint venture agreement. Id. ¶8. After Walsh died in October 2010, Morrissey and Bandar became successor trustees of the Trust.[2] In that capacity, they sold the final unit of the Condominium and distributed the proceeds according to the joint venture agreement. Id. ¶¶9, 10.
Several months before Bandar filed this action, Hayes-Walsh listed Unit 34A for sale with a real estate broker. When he filed this case, Bandar believed that in July 2012, Hayes-Walsh had entered into an agreement to sell Unit 34A.[3] Id. ¶¶12, 13.
On July 25, 2012, Bandar filed this action, seeking a temporaiy restraining order barring sale of Unit 34A until the hearing on the preliminary injunction (prayer A), a preliminary injunction requiring Hayes-Walsh to pay into court the net proceeds of any sale of Unit 34A (prayer B), and a permanent injunction compelling the distribution of the net proceeds in equal shares to Bandar, Hayes-Walsh and Morrissey (prayer C). On July 26, 2012, the court (Hogan, J.) granted a temporary restraining order barring the sale of Unit 34A until a hearing could be held on the preliminary injunction. On August 8, 2012, the court (Henry, J.) denied the request for a preliminary injunction without opinion.
In lieu of answering, Hayes-Walsh has filed the instant motion to dismiss under Mass.R.Civ.P. 12(b)(6) and 12(b)(9).[4] Hayes-Walsh argues that Bandar’s claim in equity should be barred by his unclean hands and because he previously filed an action against Walsh’s estate; and that, in any event, the complaint fails to state a claim for the recognition of a constructive trust.
DISCUSSION
1. Rule 12(b)(6)
Because Hayes-Walsh filed her motion principally under Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure, the court first addresses the standard under Rule 12(b)(6).
When presented with a challenge to the sufficiency of a complaint under Rule 12(b)(6), the court must accept as true the well pled factual allegations of the complaint and draw reasonable inferences from those facts in favor of the plaintiff. Iannacchino, 451 Mass, at 636. The court, however, will “not accept legal conclusions cast in the form of factual allegations.” Schaerv. Brandéis Unto., 432 Mass. 474, 477 (2000). To survive a Rule 12(b)(6) challenge, the complaint must contain factual allegations which, if true, bring a right to relief above the speculative level, Iannacchino, 451 Mass, at 636, “plausibly suggesting (not merely consistent with)” a basis for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Dismissal is appropriate under Rule 12 (b) (6) where the facts alleged in the complaint are insufficient to support a cause of action.
2. Unclean Hands/Rule 12(b)(9)
Hayes-Walsh makes a two-pronged attack on Bandar’s prior conduct as a defense to the complaint: first, that.Bandar seeks equity, but comes to the court with unclean hands; and second, that Bandar filed an earlier related action against Walsh’s estate. The court addresses each argument in turn.
A parly seeking equitable relief must come to the court having acted equitably. Precision Instrument Mfg. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814-15 (1945); New England Merchants Nat. Bank of Boston v. Kann, 363 Mass. 425, 428 (1973). The doctrine of unclean hands holds that “ ‘the doors of equity’ are closed ‘to one tainted by inequitableness or bad faith relative to the matter in which [s]he seeks *44 relief, however improper may have been the behavior of the’ other party.” Fidelity Management & Research Co. v. Ostrander, 40 Mass.App.Ct. 195,200-01 (1996), quoting United States v. Perez-Torres, 15 F.3d 403,407 (5th Cir.), cert, denied, 513 U.S. 840 (1994), quoting Precision Instrument, 324 U.S. at 814. The focus of this analysis is the plaintiffs actions with respect to the issue in the case. As the Supreme Court wrote in Precision Instrument, “while equity does not demand that its suitors shall have led blameless lives ... as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.” 324 U.S. at 814-15 (internal quotation marks and citations omitted).
Plaintiffs complaint seeks equitable relief. In arguing the plaintiffs pursuit of equity is barred by his own unclean hands, however, Hayes-Walsh seeks to interj ect considerable material into this case beyond the complaint, much of it presented without context and appearing to be taken from a context in which Bandar’s interest in property transferred to Hayes-Walsh was not in issue. Specifically, Hayes-Walsh points to statements plaintiff made in depositions and pleadings in another case. Although on summary judgment or at trial Hayes-Walsh might well prevail on her unclean hands defense, the court is not in a position on a Rule 12(b)(6) motion to determine that the implication of the materials presented by Hayes-Walsh—only some of which the court can consider on a Rule 12(b)(6) motion—are so clear as to demonstrate that plaintiff has no plausible basis for relief as a result of plaintiffs prior allegedly inequitable conduct. Nor can the court, on this record, determine that the allegedly inequitable conduct, if true, was sufficiently related to the issue in this case as to bar relief here.
The court also finds that plaintiff is not barred from pursuing this case by having previously filed an action against Walsh’s estate, of which Hayes-Walsh was the administratrix.
Rule 12(b)(9) of the Massachusetts Rules of Civil Procedure “provides for dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this commonwealth.” M.J. Flaherty Co. v. United States Fidelity & Guar. Co., 61 Mass.App.Ct. 337, 339 (2004). This rule attempts to enforce “the long-barred practice of claim splitting.” Id. The test is whether the parties and issues are identical. Harvard Community Health Plan, Inc. v. Zack, 33 Mass.App.Ct. 649, 652 (1992). An overlap of subject matter will not be sufficient. “(I]dentity of subject matter does not of itself impart such identicality as to trigger Rule 12(b)(9). Moreover, similarity of the claims’factual bases does not render the second action liable to dismissal.” J.W. Smith & H.B. Zobel, Rules Practice §12.17 at 217 (2d ed. 2006) (footnote omitted; italics in original).
As is relevant to Hayes-Walsh’s argument under Rule 12(b)(9), the earlier action filed by plaintiff, entitled Bandar v. Estate of William H. Walsh, MICV2011-03499-D, sought to recover monies from Walsh’s estate, which Bandar claimed he loaned in connection with his and Walsh’s involvement in more than a dozen real estate-related entities. No claim in that case was made against Hayes-Walsh personally. Thus, the parties were not the same in the two cases. Nor did the earlier case against the estate involve any claim of trust on Unit 34A or the proceeds from its sale. Therefore, even if there is some overlap of subject matter in the two actions, they lack the requisite identicality of issues. The court finds there is no basis to dismiss this case under Rule 12(b)(9).
3. The Resulting Trust Theory
On the merits, Hayes-Walsh argues that Bandar has not pled the factual basis to establish a constructive trust on Unit 34A or the proceeds from its sale because plaintiff has not pled fraud by Hayes-Walsh. Bandar concedes he has not pled fraud or any other basis for imposition of a constructive trust. Instead, Bandar contends that, although he has not referenced a resulting trust in his complaint, a constructive trust is a remedy for a resulting trust. He argues that a resulting trust for his benefit, perhaps jointly with others, was created by his contribution of the purchase money for the acquisition of the property at 32-38 Prince Street, and that the resulting trust followed the Trust’s conveyance of Unit 34A to Hayes-Walsh for nominal consideration. For the reasons set forth below, the court finds the factual allegations in the complaint insufficient to state a claim, and indeed inconsistent with a claim, dependent on a resulting trust theoiy.[5]
A “resulting trust typically arises when a transfer of property is made to one person and the purchase price is paid by another; in such a case a trust results in favor of the person who furnished the consideration.” Meskeüv. Meskell, 355 Mass. 148, 151 (1969). See Murphy v. McKenzie, 1 Mass.App.Ct. 553, 555 (1973) (“[W]here one buys and pays for real estate, but the conveyance of the title is to another, a trust results in favor of the one who pays the consideration”), quoting Howe v. Howe, 199 Mass. 598, 600 (1908). The resulting trust arises at the time of executing the deed, Fortin v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 789, cert, denied, 511 U.S. 1142 (1994), but only “if from the outset the person who ‘supplies the purchase price intends that the property bought shall inure to his own benefit and not that of another, and that the conveyance is taken in the name of another for some incidental reason.’ ”[6] Lewis v. Mills, 32 Mass.App.Ct. 660, 664 (1992) (italics in original), quoting Simmons v. Smith, 20 Mass.App.Ct. 775, 778 (1985). There is no presumption that such a payment is a gift where the person making payment is not married to, or obligated to care for, the person who takes title. Bohaker v. Koudelka, 333 Mass. 139, 142 (1955). See also Epstein v. Epstein, 287 Mass. 248, *45 252-53 (1934) (purchase by husband taken in wife’s name still construed as trust). And it is of no moment if the conveyance is meant to defeat a claim of another, so long as the person making payment intends to supply the purchase price for his own benefit. Boha-ker, 333 Mass, at 143, citing Lufkin v. Jakeman, 188 Mass. 528 (1905), and Gerace v. Gerace, 301 Mass. 14 (1938).
In the context of real estate, the entire purchase price must be paid by the party claiming the resulting trust. “[A] general contribution of a sum of money towards the entire purchase is not sufficient to produce” a resulting trust. Quinn v. Quinn, 260 Mass. 494, 501 (1927), quoting Bailey v. Hemenway, 147 Mass. 326, 328 (1888). See also Kennedy v. Innis, 339 Mass. 195, 201 (1959) (construing $405 contribution by straw to be “an investment in the joint venture or a loan to make up the full purchase price” and finding a resulting trust). Cf. Hanrihan v. Hanrihan, 342 Mass. 559, 565-66(1961) (where two brothers each paid 50% of stock purchase price, resulting trust may have been created; court presumed intent, which could be rebutted, that each would have 50% interest in stock purchased).
Where the entire purchase price is paid by one party, but the properly is then held jointly with others, no resulting trust will be created for the benefit of the party paying the entire purchase price, absent evidence negating an intent to benefit all of the grantees. Restatement (Second) ofTrusts §441, cmt. e at 398-99 (1959) (‘The fact that the payor takes title to property in the name of himself and another jointly is an indication of an intention of the payor to make a beneficial gift of an undivided interest in the property to the other person”).[7] As the Appeals Court has written: “Although it may be argued that a resulting trust may be found even where the payor takes title in the names of himself and another jointly if it appears that a gift was not intended, . . . that result is justified only where there is a finding that there was no intention on the part of the payor to create any beneficial interest in the other grantee.” Lewis, 32 Mass.App.Ct. at 665-66. See also Restatement (Third) ofTrusts §9, cmt. e at 131 (2003) (‘The fact that one who pays the purchase price takes title to the property in the name of another jointly with the payor . . . indicates the payor’s intention to make a beneficial gift of an undivided interest in the property to the other person. Accordingly, in the absence of evidence of a different intention in such a case, the other person does not hold the interest on resulting trust for the payor.”).
Viewing the plaintiffs allegations against the law of resulting trusts outlined above makes clear that Bandar’s complaint- has failed to state a plausible basis for relief. Although Bandar alleges, or it can be inferred that he alleges, that he contributed the purchase money for the purchase of 32-38 Prince Street in Cambridge, Compl ¶5 (“Bandar supplied most of the initial working capital of the project”), he also alleges that he intended that he and Walsh, at least initially, would each own a 50% interest in the joint venture. Id. ¶4. Far from alleging that he did not intend to create a beneficial interest in anyone else—a condition precedent to finding a resulting trust—Bandar has alleged the opposite, i.e., that he specifically intended at least one other to have a beneficial interest in the properly. Consistent with this intent, plaintiff alleges that after the renovations were performed, he and Walsh created the condominium, and acquired title to all units through a nominee trust in which they each held a 50% interest. Id. ¶5. The distribution of the proceeds from the sale of other units is also consistent with this intent. Id. ¶¶8-10. Because such a shared beneficial interest is inconsistent with the creation of a resulting trust, and because plaintiff offers no other theory or factual allegations to support the creation of a constructive trust on the proceeds of the sale of Unit 34A, the complaint fails to state a claim upon which relief may be granted.
For these reasons, it is ORDERED as follows:
ORDER
1. The Motion to Dismiss of Defendant Mary Hayes-Walsh Pursuant to Mass.R.Civ.P. 12(b)(6) is ALLOWED.
2. Within ten (10) days from the date of this Order, plaintiffs counsel shall file (i) a letter with the court showing cause why this case should not be dismissed as against Morrissey, or (ii) a stipulation of dismissal dismissing such claims. Absent either filing, the case against Morrissey shall be dismissed without prejudice.

The allegations described in this paragraph appear inconsistent with the allegation about the configuration of the joint venture, which would have seemingly required, even on plaintiffs theory, that Unit 34Abe held subject to the interests of all three co-joint venturers, i.e., Bandar, Walsh and Morrissey, and that the excess proceeds from the loan be paid to Bandar, Walsh and Morrissey. This seeming inconsistency is of no import to the court’s decision.

he complaint does not allege facts to permit the court to infer when or why First Camreal Corp. stopped serving as trustee of the Trust, or whether the change in trustee was related to Walsh’s death.

An affidavit filed by Morrissey after the filing of this action suggests Hayes-Walsh successfully sold Unit 34A.

When Hayes-Walsh filed her motion to dismiss, defendant Morrissey, then represented by Hayes-Walsh’s lawyer, also filed a motion to dismiss (docket #14). In an unusual change of alliances, on or about February 20, 2013, Morrissey, now represented by plaintiffs counsel (see docket #s 17-19), withdrew her motion to dismiss and filed an answer, admitting the allegations in the complaint and requesting the court to grant the injunctive relief that Bandar seeks.

he fact that the complaint does not use the phrase “resulting trust,” however misleading to the court and the defendants, is not fatal. The court will look to the facts alleged, and not simply the labels used, in assessing whether the complaint states a claim. Amato v. District Attorney for Cape *46 & Islands Dist, 80 Mass.App.Ct. 230, 234 (2011), quoting Curtis v. Herb Chambers 1-95, Inc., 458 Mass. 674, 676 (2011).

Although not relevant to the court’s ultimate conclusion in this case, it bears noting that the Restatement (Second) of Trusts states: “If the trustee of a resulting trust in breach of trust transfers the trust properly to a bona fide purchaser, the transferee tabes the property free of the resulting trust; but if the transferee is not a bona fide purchaser, he does not hold it free of the resulting trust.” Restatement (Second) of Trusts §408 at 330 (1959). Accord Epstein v. Epstein, 287 Mass. 248, 353 (1934) (resulting trust continued after initial trustee, purchaser’s wife, transferred property to plaintiff and his father jointly without consideration). Thus, if a resulting trust had been created at the initial purchase of the property, the transfer of the property by the Trust to Hayes-Walsh for nominal consideration, as alleged in paragraphs 6 and 7 of the complaint, would have rendered Hayes-Walsh’s possession of the properly subject to the resulting trust as well.

Hayes-Walsh cites the court to Crowley v. Remillard, 65 Mass.App.Ct. 1107, 2005 WL 3274148 (Dec. 2, 2005), in which a panel of the Appeals Court, in a decision under its Rule 1:28 prior to Chace v. Curran, 71 Mass.App.Ct. 258, 260 n.4 (2008), cites with approval to this provision of the Restatement.