The pro se plaintiff brought this action to try title and for trespass, alleging that Santander Bank, N.A. (Santander), lacked authority to foreclose on the subject property because it did not own the mortgage on the property and could not produce the original note. On the defendants' motion, a Land Court judge dismissed the complaint for several reasons, including that (1) the try title claim was barred under Mass.R.Civ.P. 12(b)(9), as amended, 450 Mass. 1403 (2008), because the plaintiff had raised the same underlying allegations in a prior action still pending in Superior Court, and (2) the plaintiff failed to state a claim for trespass because he could not show that the defendants' entry on the property was unlawful without first showing that Santander lacked authority to foreclose, a question that had to be resolved in the prior pending action. As we agree with these rulings, we affirm.
Background. We recite so much of the procedural history as is necessary to frame the issues on appeal. In January of 2003, the plaintiff granted a mortgage to Sovereign Bank (Sovereign).[3] When the plaintiff defaulted on the mortgage several years later, Sovereign filed a Servicemembers Civil Relief Act (SCRA) complaint in the Land Court. In May of 2009, the plaintiff filed a responsive complaint in the Superior Court (2009 action), raising a myriad of allegations, including that Sovereign had no authority to foreclose because it had assigned the mortgage to the Federal National Mortgage Association (Fannie Mae) in February of 2003. In October of 2012, a judge granted summary judgment in favor of Sovereign and Fannie Mae. Regarding Sovereign's authority to foreclose, the judge found in effect that the issue was not ripe because "there ha[d] been no foreclosure." In an unpublished memorandum and order, a panel of this court affirmed on the ground that "there ha[d] been no foreclosure, only Sovereign Bank's filing of a Land Court action pursuant to the [SCRA]." Bostwick v. Sovereign Bank, 85 Mass. App. Ct. 1101 (2014).
In August of 2015, Sovereign, now known as Santander, filed another SCRA action in the Land Court. The next month, the plaintiff brought a second responsive suit in Superior Court (2015 action), again asserting a myriad of claims against numerous defendants, including Santander, Fannie Mae, and Orlans Moran PLLC. Included in the complaint were allegations that Santander lacked authority to foreclose because it had assigned the mortgage to Fannie Mae and could not produce the original note.
Santander and Fannie Mae moved to dismiss the claims against them on the ground of res judicata. In the motion Santander and Fannie Mae asserted that the issue whether "the [d]efendants lack the authority to foreclose on the [p]roperty" was "considered in [the 2009 action] and expressly rejected by the [c]ourts." In April of 2016, a judge (different from the one who ruled in the 2009 action) allowed the motion, concluding that "the merits of [the plaintiff's] claims" had been resolved in the 2009 action.
Days later, Orlans Moran PLLC conducted the foreclosure sale on behalf of Santander. The plaintiff then filed this suit in June of 2016. After the Land Court judge issued his ruling on September 22, 2016, the plaintiff returned to the Superior Court and moved to vacate the dismissal in the 2015 action, which was still pending because there were unresolved claims against other defendants.[4] He also sought to amend his complaint to add allegations relating to the foreclosure sale and to add Saturn Realty Group, LLC (Saturn), the highest bidder at the sale, as a defendant. A judge denied the motion without comment.
Discussion. We review de novo a judge's ruling on a motion to dismiss under Mass.R.Civ.P. 12(b)(9). See Okoli v. Okoli, 81 Mass. App. Ct. 381, 384 (2012). " Rule 12(b)(9) provides for the dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth. The rule prohibits the long-barred practice of claim-splitting." Lyons v. Duncan, 81 Mass. App. Ct. 766, 770-771 (2012), quoting from M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass. App. Ct. 337, 339 (2004). Here, the relevant parties are the same as those in the 2015 action.[5] And regarding identity of the issues, we agree with the Land Court judge's assessment that the 2015 action, "at its core, sought the prevention and prospective invalidation of the then pending mortgage foreclosure based on the purported assignment in 2003 of the mortgage to Fannie Mae by Sovereign .... This is the same basis for [the] plaintiff's claim in this [action] that the foreclosure brought about by the April, 2016 sale is invalid."
The plaintiff suggests that identity of issues is lacking because his claims were not resolved on the merits in either the 2009 or 2015 action. While that is true, the fact remains that the issue of Santander's authority to foreclose was raised and litigated in the 2015 action, which was still pending when the Land Court judge issued his decision. If the plaintiff believes that the judge in the 2015 action erred in applying res judicata, his remedy is to appeal from the final judgment when it enters.[6] What matters for our purposes is that the same issue between the same parties was raised in a prior action that was pending when judgment entered in this case. Dismissal of the try title claim was thus proper under rule 12(b)(9).
With regard to the trespass claim, the plaintiff acknowledges that its success depends on a finding that the underlying foreclosure was wrongful. Because that issue cannot be resolved in this proceeding, dismissal under rule 12(b)(6) was appropriate.[7]
Judgment affirmed.

Sovereign later changed its name to Santander.

Separate and final judgment initially entered for Santander, Fannie Mae, and Orlans Moran PLLC on September 27, 2016. When the plaintiff tried to appeal, however, a single justice of this court determined that the appeal was premature because the "Superior Court proceedings are ongoing." The single justice thus ordered that the appeal be vacated, "notwithstanding the entry of separate and final judgment[ ]," and "may be re-entered upon the conclusion of all proceedings in the ... Superior Court."

Although Saturn is not a defendant in the 2015 action, we view that to be inconsequential for purposes of rule 12(b)(9) because the plaintiff's claims against Saturn are inextricably intertwined with, and dependent on, his claims challenging Santander's authority to foreclose. Cf. M.J. Flaherty Co., 61 Mass. App. Ct. at 339 (dismissal not mandated under rule 12 [b][9] where "issue in the second case [was] not who must prevail on the [issue in the first case] as a matter of law and fact"). Alternatively, if the claims against the other defendants are barred under rule 12(b)(9), the claims against Saturn would be subject to dismissal under rule 12(b)(6).

We note that, contrary to Santander's and Fannie Mae's representations to the judge in the 2015 action, the plaintiff's claim in the 2009 action was dismissed because it was not ripe; it was not adjudicated on the merits. Nonetheless, whether the judgment in the 2009 action operates as res judicata is an issue that is not properly before us in the current appeal.

To the extent we have not addressed the plaintiff's other arguments, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).