A judge of the Superior Court dismissed, without prejudice, a complaint brought by X.Z. against his wife, H.D. The motion judge dismissed the case on the basis that the complaint was a restatement of an action previously filed in 2014. See Mass. R. Civ. P. 12 (b) (9), as amended, 450 Mass. 1403 (2008). We affirm.
" Rule 12(b)(9) provides for the dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth. The rule prohibits the long-barred practice of claim-splitting." (Footnote omitted.) Lyons v. Duncan, 81 Mass. App. Ct. 766, 770-771 (2012), quoting M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass. App. Ct. 337, 339 (2004). Rule 12 (b) (9) permits dismissal where a prior action involving the same issues is pending between the same parties. Id.
X.Z., proceeding pro se, claims that the judge made a mistake because the two cases were factually distinct in the sense that they cover different time periods, and that dismissal was therefore unwarranted. Whether the difference in the time periods is enough to state a legally separate claim is a question that can only be decided upon careful review of the 2014 record. The motion judge was also the trial judge in the 2014 case and was therefore intimately familiar with the nature of the allegations of the 2014 case. X.Z. has not, however, provided a record of the 2014 case to this court.[2] The record we have does not contain anything other than the first page of the 2014 complaint. We cannot consider the substance of the husband's appeal because he has failed to provide an adequate record appendix in compliance with Mass. R. A. P. 18 (a), as amended, 425 Mass. 1602 (1997). See Kunen v. First Agric. Nat'l Bank, 6 Mass. App. Ct. 684, 685-689 (1978). The judgment is affirmed on this basis. See Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007) ; Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 810-812 (1992).
Judgment affirmed.

"Although he [is] acting pro se, he nevertheless [is] bound to comply with the governing court rules." Rothman v. Trister, 450 Mass. 1034, 1034 (2008).