NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-26

EDWARD G. WRIGHT

vs.

MASSACHUSETTS DEPARTMENT OF CORRECTION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, then an inmate in the custody of the Department of Correction (department), brought this action for declaratory and injunctive relief under G. L. c. 231A, claiming that the department unlawfully withheld his nonprivileged mail, and provided him with only photocopies, from April 3, 2021, to July 14, 2022.  The department filed a motion to dismiss the complaint on several grounds, including pendency of a prior action.  Concluding that "this suit is a form of claim splitting," a Superior Court judge allowed the department's motion, and judgment entered dismissing the complaint.  The plaintiff appeals from the judgment and from the order denying his motion for reconsideration.  We reverse.

1.  Background.  This is one of several cases that the plaintiff has brought concerning the department's processing of inmate mail.  In 2018 the plaintiff filed a complaint for declaratory and injunctive relief against the department and a department official in his official capacity (2018 lawsuit), challenging the department's then applicable standard operating procedure that allowed photocopying of nonprivileged mail.  The 2018 lawsuit was successful, and as a result the department was ordered to give the plaintiff his original mail received prior to April 2, 2021.  See Wright v. Massachusetts Dep't of Correction, 100 Mass. App. Ct. 1134 (2022) (Wright I) (unpublished memorandum and order).[1]

Meanwhile, in 2020, the plaintiff brought suit under 42 U.S.C. § 1983 for damages against various department officials in their individual capacities (2020 lawsuit), claiming they violated his constitutional rights by administering the policy at issue in the 2018 lawsuit.  A Superior Court judge allowed the department's motion to dismiss on the ground that the 2018 lawsuit precluded the plaintiff's claims, but on appeal a panel

---

[1] The significance of April 2, 2021, is that that was the date the department purported to adopt a regulation to replace the standard operating procedure.  But in Wright I, 100 Mass. App. Ct. 1134, a panel of this court concluded that the regulation was not validly promulgated because the department failed to publish notice in compliance with G. L. c. 30A, § 2.

of this court reversed.  In an unpublished memorandum and order, the panel held that claim preclusion did not apply because government officials sued in their individual capacities are not in privity with the government.  See Wright v. Turco, 100 Mass. App. Ct. 1133 (2022) (Wright II).  On remand, summary judgment on the merits entered in favor of the defendants, and a different panel of this court affirmed that judgment in a subsequent appeal.  See Wright v. Turco, 105 Mass. App. Ct. 1105 (2024) (unpublished memorandum and order).

Next, in February 2023, the plaintiff and three other inmates brought a putative class action under 42 U.S.C. § 1983 for damages against various department officials in their individual capacities (February 2023 lawsuit).  The complaint alleged that the defendants violated the class members' constitutional rights by withholding their original nonprivileged mail between April 3, 2021, and July 14, 2022. The February 2023 lawsuit was docketed in the Suffolk Superior Court as No. 2384CV00343 and remained pending as of October 2024, when judgment entered in this case.

The plaintiff filed this case in January 2023, a few weeks before the February 2023 lawsuit.  The complaint names the department as the only defendant.  As relief, the plaintiff seeks a declaration that by withholding his original

nonprivileged mail from April 3, 2021, to July 14, 2022, the department violated the regulation in effect during that time period.  He also seeks an injunction ordering the department to deliver the withheld mail.

2.  Mootness.  Following the completion of briefing, the department filed two letters with this court stating that the appeal is moot because the plaintiff has now been released from custody and the department has given him all of the original mail at issue.  In response the plaintiff filed a letter stating that the department still has some of his mail and has not returned it even though he made several telephone calls to prison officials.  At oral argument the parties continued to maintain these respective positions.  As we are unable to resolve this factual dispute on the record before us, we cannot dismiss the appeal as moot on this basis.

The department further argues, as it did below, that the underlying claims are moot because in November 2022 the department promulgated a new regulation governing the processing of inmate mail.  We disagree.  The plaintiff seeks the return of mail that the department withheld under the regulatory regime that was previously in effect.  If the department still has some of that mail (a factual question that must be resolved in the trial court), the case is not moot.  Indeed, the judge declined

4

to dismiss the case as moot for this reason.  Not only does the department fail to acknowledge the judge's ruling, it also misleadingly suggests that the judge dismissed the complaint for lack of an actual controversy.  As we agree with the judge that the new regulation did not moot the case, we will address the merits of the plaintiff's arguments.

3.  Claim splitting.  The department contends that the plaintiff's claims are precluded because he could and should have raised them in the February 2023 lawsuit.  In so arguing, the department appears to be relying on a hybrid of two distinct doctrines:  claim preclusion and pendency of a prior action under Mass. R. Civ. P. 12 (b) (9), as amended, 450 Mass. 1403 (2008).  We conclude that neither doctrine applies.

To the extent the department relies on claim preclusion, that doctrine does not apply for the basic reason that the February 2023 lawsuit had not gone to final judgment when the judgment of dismissal entered in this case.  See Laramie v. Philip Morris USA Inc., 488 Mass. 399, 405 (2021) (claim preclusion requires that there be prior final judgment on merits).  And to the extent the department relies on the pendency of a prior action, it fails to mention that the plaintiff filed the February 2023 lawsuit several weeks after he filed this case.  The department cites no authority for the

5

proposition that "prior" should not be given its ordinary meaning for purposes of rule 12 (b) (9).

In any event, neither doctrine applies for the independent reason that the department has failed to show that the defendants in the February 2023 lawsuit (department officials sued in their individual capacities) are identical to or in privity with the department, the only defendant in this case. See Laramie, 488 Mass. at 405 (party invoking claim preclusion has burden of proving identity or privity of parties to present and prior actions); Thaddeus v. Secretary of the Executive Office of Health & Human Servs., 101 Mass. App. Ct. 413, 419 (2022), quoting Lyons v. Duncan, 81 Mass. App. Ct. 766, 770-771 (2012) ("For a rule 12 [b] [9] defense to succeed, 'the parties and the issues [must be] the same as those in a prior action still pending'").  As mentioned, in one of the appeals in the 2020 lawsuit, a panel of this court held that government officials sued in their individual capacities are not in privity with the government for purposes of claim preclusion.  See Wright II, 100 Mass. App. Ct. 1133.  The panel gave detailed reasoning in support of its conclusion, relying on a body of caselaw from Federal circuit courts and other State courts.  The department does not acknowledge the panel's reasoning or explain

why it is wrong, and has otherwise failed to show that the requirement of identity or privity of parties is satisfied.

Finally, we note that the department is incorrect that "[t]o grant relief in [this case], the court would necessarily have to find that [the] plaintiff's constitutional rights were violated -- the very same determination that underlies the claim for damages in [the February 2023 lawsuit]."  Although the constitutional issues raised in this case might overlap with those in the February 2023 lawsuit, the complaint also alleges that the department's actions of withholding the plaintiff's mail violated the regulation that was then in effect.  Thus, a judge would not need to find a constitutional violation to grant the declaratory and injunctive relief that the plaintiff seeks.

<u>Judgment reversed</u>.

<u>Order denying motion for reconsideration reversed</u>.

By the Court (Desmond, Shin & Walsh, JJ.[2]),

Clerk

Entered:  December 10, 2025.

---

[2] The panelists are listed in order of seniority.