NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-187

WOODLANDS VIEW LLC

vs.

MARK B. FERREE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A judge of the Land Court dismissed a complaint filed by

Woodlands View LLC (Woodlands) against the defendants, based on

the pendency of a prior action, under Mass. R. Civ. P.

---

[1] Sandra S. Ferree; Lawrence Whalen; Ann Whalen; Nicholas Kurkjy; Leah M. Lemont; Sherry L. Steele; Diane M. Melanson; Richard L. Garcia; Mary C. Garcia; Cheryl A. Flynn; Dana E. Wilson; Francis X. Holt; Deborah Anne Holt; Serge Rekun; Olga Russakovskaya; Linda M. Halloran; Eric V. Conradt, as trustee of the Shirley M. Conradt 2005 Revocable Trust; Shirley M. Conradt, as trustee of the Shirley M. Conradt 2005 Revocable Trust; Todd Stiff; Karen Stiff; Michael Bannon; Christopher S. Chiappetta; Richard E. Matano; Sheila A. Matano; Karen Frank, as trustee of the Joseph H. Frank Trust and as trustee of the Karen L. Frank Trust; Joseph Frank, as trustee of the Joseph H. Frank Trust and as trustee of the Karen L. Frank Trust; Jacob B. Evans; Sarah Cooper; Angela E. Jones; Nicole A. John; Michael McGuinness; Michael S. Lupo; David M. Ferrante; Patricia M. Ferrante; Kurt J. Steenbruggen; Matthew Kobel; Elizabeth Barker; Julia Y. Cotter; and The Woodlands Homeowners' Association, Inc.

12 (b) (9), as amended, 450 Mass. 1403 (2008) (rule 12 [b] [9]). Concluding that the judgment was properly dismissed, but that it should not have been dismissed with prejudice, we vacate the dismissal and direct the entry of a new judgment dismissing the complaint without prejudice.

We review the grant of a motion to dismiss de novo. See Okoli v. Okoli, 81 Mass. App. Ct. 381, 384 (2012). Rule 12 (b) (9) permits a defendant to move for dismissal because of the "[p]endency of a prior action in a court of the Commonwealth." "Dismissal under this rule is proper when the same parties are involved in two actions, one begun before the other, and [i]t is apparent from the face of the present complaint . . . that all the operative facts relied on to support the present action had transpired prior to the commencement of the first action." (quotation and citation omitted). Gold Star Homes, LLC v. Darbouze, 89 Mass. App. Ct. 374, 377 (2016). "The rule prohibits the long-barred practice of claim-splitting." M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass. App. Ct. 337, 339 (2004).

On June 4, 2024, five condominium trusts (Superior Court plaintiffs) filed a complaint against Woodlands in the Superior Court. On June 12, 2024, Woodlands filed a complaint in the Land Court against more than thirty individually-named condominium unit owners and trustees, and against the Woodlands

2

Homeowners Association, Inc.,[2] seeking relief regarding substantially the same issues as raised in the Superior Court action.[3]  On June 21, 2024, the Superior Court plaintiffs amended their complaint, to join as plaintiffs five individually-named unit owners who were named in the Land Court case, pursuant to Mass. R. Civ. P. 15, 365 Mass. 76 (1974) (rule 15), which allows for "[a] party [to] amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ."  The unit owners, as defendants in the Land Court action, then filed a motion to dismiss pursuant to rule 12 (b) (9) in the Land Court, arguing that because the parties and the subject matter in the two actions were the same, the Superior Court action was a "prior pending action" requiring dismissal of the later Land Court action.  The Land Court judge allowed the motion to dismiss and entered a judgment of dismissal with prejudice, and this appeal ensued.

Woodlands argues that the dismissal pursuant to rule 12 (b) (9) was improper because the Superior Court action, at the time that Woodlands filed the Land Court action, did not

---

[2] Woodlands also named "John and Jane Doe" as parties in interest to the complaint, representing the remaining unnamed condominium unit owners.  Woodlands later amended the complaint to list over 300 such parties in interest.

[3] Woodlands concedes that the substance of the claims presented in the Superior Court action and the Land Court action are sufficiently similar for purposes of rule 12 (b) (9).

constitute a prior pending action with the "same parties." Without supporting authority, Woodlands contends that the joinder of additional plaintiffs pursuant to rule 15 did not relate back to the date of the initial Superior Court complaint filing for the purposes of a dismissal under rule 12 (b) (9). Woodlands argues that rule 15's purpose is limited to plaintiffs seeking to "assert claims against additional defendants subsequent to the statute of limitations running." We are not persuaded. Subsection (c) of rule 15 states that "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading" (emphasis added). We see no reason to limit this permissive subsection to changes in party defendants as argued by Woodlands. Indeed, amendment practice is liberally construed. See G. L. c. 231, § 51. See also Ideal Financing Ass'n, Inc. v. McPhail, 320 Mass. 521, 523 (1946).

While Woodlands contends that the Land Court action was wrongly dismissed, it agrees that the two actions cannot proceed simultaneously. Because the issues and many parties between the two actions are identical, a judgment in the Land Court, as noted by the judge, "would concern the same questions of law and fact which lie at the center of the earlier filed Superior Court

4

[c]ase," and would "risk . . . competing and potentially inconsistent adjudications in the two courts." Prevention of this type of claim splitting is the purpose of rule 12 (b) (9). See M.J. Flaherty Co., 61 Mass. App. Ct. at 339. Thus, we conclude that the dismissal of the Land Court action was proper.

While the judge properly dismissed the complaint under rule 12 (b) (9), we agree with Woodlands that it should have been dismissed without prejudice to ensure that Woodlands is able to fully advance its claims in the Superior Court. At oral argument, the appellees stated that they did not object to the entry of a judgment of dismissal of the Land Court action without prejudice. We vacate the judgment, and a new judgment shall enter dismissing the complaint without prejudice.

So ordered.

By the Court (Shin, Walsh & Allen, JJ.[4]),

Clerk

Entered: April 2, 2026.

---

[4] The panelists are listed in order of seniority.

5