NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-471

CHASE HUNTER

vs.

JOANNE AUCLAIR & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Chase Hunter filed the underlying case in the Land Court against her sister, Joanne Auclair. The allegations of the amended complaint center on residential property that was previously owned by the sisters' mother (decedent), who died in July 2022. The property is the subject of a pending petition in the Probate and Family Court for formal administration of the decedent's estate. In October 2024 a judge of that court entered an order authorizing the special personal representative of the estate to manage and preserve the property. In December 2024 the judge entered a supplemental order directing that the

_____

[1] Jeffrey M. Siegel.

special personal representative "shall have sole and exclusive access to and control over" the property and that "[a]ny and all claims a party may want to assert with respect to" the property "shall be brought in this Court only." The judge later scheduled a trial to begin on March 13, 2025, on two issues: whether the decedent died without leaving a will (as alleged by Auclair and contested by Hunter), and whether the special personal representative is suitable to serve as personal representative of the estate.

In the underlying case, Hunter claimed among other things that she is the rightful owner of the property, that Auclair has been unjustly enriched because Hunter has paid all the expenses for the property since July 2022, and that Auclair committed a breach of an agreement to allow Hunter to occupy the property after July 2022. As relief, Hunter sought a declaration establishing her rights to the property "during the pendency of any adjudication regarding intestacy/testacy" and in the event that "a final adjudication on the merits determines intestacy," and a resulting or constructive trust on the property "to protect it from transfer, dissipation or encumbrances by" Auclair. Auclair moved to dismiss, arguing that Hunter's claims were frivolous and fell within the exclusive jurisdiction of the Probate and Family Court. In a detailed memorandum of decision dated March 11, 2025, a Land Court judge allowed Auclair's

2

motion to dismiss on the grounds of pendency of a prior action, see Mass. R. Civ. P. 12 (b) (9), as amended, 450 Mass. 1403 (2008), and lack of ripeness. Judgment entered dismissing the amended complaint without prejudice,[2] and Hunter appeals.

Rule 12 (b) (9) "provides for the dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth." Lyons v. Duncan, 81 Mass. App. Ct. 766, 770-771 (2012), quoting M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass. App. Ct. 337, 339 (2004). Here, there is identity of parties because both Hunter and Auclair are parties to the pending Probate and Family Court action.[3] In addition, we agree with the Land Court judge's assessment that there is identity of issues because the Probate and Family Court action "will determine the parties' rights in the [p]roperty, if any, subject

_____

[2] Hunter filed the amended complaint but had not served it by the time the dismissal entered. As the Land Court judge observed, however, "regardless of which complaint is considered, the grounds for dismissal are consistent" because "[b]oth complaints present the same five counts, allege substantially similar facts, and seek identical relief: the award of full title to the [p]roperty."

[3] Although the amended complaint added Auclair's attorney, Jeffrey M. Siegel, as a defendant, the Land Court judge concluded that this did not affect the rule 12 (b) (9) analysis because the amended complaint "fail[ed] to assert any grounds for relief against [Siegel] over which [the] court would have subject matter jurisdiction." Hunter does not challenge this conclusion on appeal.

to settlement of" the estate, and "any claims [Hunter] might assert with regard to the [p]roperty" will be addressed in that proceeding.  We therefore conclude that the judge was correct to dismiss the amended complaint based on the pendency of the Probate and Family Court action.[4]

As best we understand Hunter's brief, she challenges the rule 12 (b) (9) dismissal principally on the ground that the Land Court judge "enforced" the Probate and Family Court judge's December 2024 order, rather than "conduct[ing] [her] own analysis."  We do not agree with this characterization.  The Land Court judge gave detailed reasons why dismissal was appropriate, including that the Probate and Family Court proceeding "is the proper forum for [Hunter] to pursue her claims regarding the [p]roperty, including any promises or disclaimers of inheritance by her sister, and any accounting or reimbursement for funding the [p]roperty's upkeep," and Hunter "may not 'split' these claims from that pending action to selectively litigate them in separate courts of her choosing."  The Land Court judge further observed that, once a personal representative is appointed by the Probate and Family Court, "matters such as inventory, accounting, and the resolution of claims against [e]state assets will be addressed -- including

---

[4] Affirming on this ground, we need not address whether the judge correctly dismissed Hunter's claims for lack of ripeness.

4

any claims [Hunter] might assert with regard to the [p]roperty." It is plain from the decision that the Land Court judge conducted her own analysis and did not merely "enforce" the Probate and Family Court judge's order, as Hunter claims. Rather, the Land Court judge cited the order only at the end of her analysis and only to show that the Probate and Family Court "stands ready to hear and adjudicate [Hunter's] claims concerning the [p]roperty."

We discern no other coherent argument in Hunter's brief as to why the Land Court judge erred in dismissing the case under rule 12 (b) (9). The remainder of Hunter's arguments are either conclusory or address issues that are not relevant to the dismissal. These include her arguments regarding her motion for endorsement of a memorandum of lis pendens and her motion to disqualify Auclair's attorney, both of which the judge denied as moot. We need not discuss these arguments further. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Auclair has requested an award of her appellate attorney's fees and double costs on the ground that Hunter's appeal is frivolous and part of a pattern of vexatious litigation. We agree that the appeal is frivolous. Accordingly, within fourteen days of the date of this decision, Auclair may file an application for attorney's fees and double costs. Hunter may

5

have fourteen days to respond.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Judgment affirmed.

By the Court (Rubin, Shin & Singh, JJ.[5]),

Clerk

Entered:  November 26, 2025.

---

[5] The panelists are listed in order of seniority.